

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| O'LIVIA C. BROWNFIELD, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:24-3432-MGL |
| | § | |
| BRANDON C. BROWNFIELD, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE PETITION WITHOUT PREJUDICE,
WITHOUT LEAVE TO AMEND,
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner O'Livia C. Brownfield (O'Livia B.) filed this habeas petition (the petition) against Respondent Brandon C. Brownfield (Brandon B.). O'Livia B. is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the petition be dismissed without prejudice, without leave to amend, and without requiring Brandon B. to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 31, 2024, but O'Livia B. failed to file any objections to the Report. The Court notes, however, the Clerk was unable to mail a copy of the Report to O'Livia B. inasmuch as she failed to provide the Court with her mailing address.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Nevertheless, in an abundance of caution, given the circumstances presented here, the Court made a de novo review of the record and the Report, but is unable to find any error in the Report.

Accordingly, after the Court's de novo review, it adopts the Report and incorporates it herein. It is therefore the judgment of this Court the petition be **DISMISSED WITHOUT PREJUDICE**, without leave to amend, and without requiring Brandon B. to file a return.

To the extent O'Livia B. asks for a certificate of appealability, such request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of January 30th, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

O'Livia B. is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.